UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:15-CV-00060-HBB

STEPHEN B. SHELTON                                                    PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                      DEFENDANT

<u>MEMORANDUM OPINION</u>
<u>AND ORDER</u>

<u>BACKGROUND</u>

Before the Court is the complaint (DN 1) of Stephen B. Shelton ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 14) and Defendant (DN 20) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).  By Order entered September 25, 2015 (DN 15), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

FINDINGS OF FACT

On June 25, 2007, Plaintiff filed an application for Disability Insurance Benefits alleging he had been disabled since January 1, 2005 (Tr. 66).   Administrative Law Judge James E. Craig ("ALJ Craig") conducted an administrative hearing and issued a decision on January 13, 2010 (Tr. 66-78).   After considering the evidence in the record, ALJ Craig found Plaintiff's bipolar disorder and lower back pain are severe impairments (Tr. 68).   Further, ALJ Craig determined that Plaintiff has the residual functional capacity to perform less than light work as defined in 20 C.F.R. § 404.1567(b) because he is:

> [L]imited to no repetitive pushing and/or pulling with the lower extremities, no kneeling or crawling, only occasional stooping or crouching, no exposure to moving mechanical parts, electrical shock, heights, or vibrating surfaces or object, no detailed or more complex work, can only be simple repetitive tasks, performed in small groups and cannot involve interaction with the general public.

(Tr. 68).   Next, ALJ Craig found while the above mental and physical limitations prevented Plaintiff from performing his past relevant work he was capable of performing work that exists in significant numbers in the national economy (Id.).   Therefore, ALJ Craig concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 1, 2005 through the date of the decision, January 13, 2010 (Tr. 78).   The decision of ALJ Craig became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review (Tr. 84-86).   Apparently Plaintiff did not file an action before the Court seeking review of this unfavorable final decision of the Commissioner.

On August 31, 2012, Plaintiff filed a second application for Disability Insurance Benefits (Tr. 201-213).   Plaintiff alleged that he became disabled on January 14, 2010, as a result of bipolar disorder, right hip pain, and a back injury (Tr. 11, 201, 207, 307).

On October 3, 2013, Administrative Law Judge Jerry Faust ("ALJ Faust") conducted a video hearing from St. Louis, Missouri (Tr. 11).   Plaintiff and his counsel participated in the hearing from Owensboro, Kentucky (Tr. 11).   William R. Harpool, an impartial vocational expert, also participated and testified during the hearing (Tr. 11, 31).

In a decision dated November 27, 2013, ALJ Faust noted that Plaintiff's alleged onset date was January 14, 2010, and that his insured status expired on December 31, 2010 (Tr. 11-24). Therefore, ALJ Faust's evaluation focused on whether Plaintiff became disabled at any time during this eleven month time frame (Id.).   At the first step in the sequential evaluation process, ALJ Faust found that Plaintiff had not engaged in substantial gainful activity from January 14, 2010 through December 31, 2010 (Tr. 13).   At the second step, ALJ Faust determined that Plaintiff's bipolar disorder and sacroiliac joint dysfunction were "severe" impairments within the meaning of the regulations (Id.).   Additionally, ALJ Faust determined that Plaintiff's hypertension, panic disorder, and generalized anxiety disorder are "non-severe" impairments within the meaning of the regulations (Id.).   At the third step, ALJ Faust concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 14).

At the fourth step, ALJ Faust found Plaintiff has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, sit for a total of 6 hours in an 8-hour workday with normal breaks, and push and pull with the aforementioned limitations (Tr. 16). However, ALJ Faust concluded Plaintiff was limited to performing less than a full range of light work because of the following exertional and nonexertional limitations: no repetitive pushing or pulling with the legs; can occasionally stoop and crouch, but never kneel or crawl; should avoid even moderate exposure to vibration; no exposure to moving mechanical parts, electrical shock,

3

heights, and vibrating surfaces or objects; can perform simple, routine, and repetitive tasks in a relatively static environment, with infrequent changes in small group settings and no fast production pace; and can have occasional and superficial interaction with coworkers and supervisors, but no interaction with the public (Tr. 16).   Relying on testimony from the vocational expert, ALJ Faust found that Plaintiff was unable to perform any past relevant work (Tr. 23, 56-57).

At the fifth step, ALJ Faust considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 23-24). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. Id.).   Therefore, ALJ Faust concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from January 14, 2010, the alleged onset date, through December 31, 2010, the date last insured (Tr. 24).

Plaintiff timely filed a request for the Appeals Council to review ALJ Faust's decision (Tr. 6-7).   The Appeals Council denied Plaintiff's request for review (Tr. 1-3).   Currently before the Court is an action seeking review of this unfavorable final decision of the Commissioner (DN 1).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when

a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term "disability" is defined as an:

> Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

5

3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)      Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)      Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, ALJ Faust denied Plaintiff's claim at the fifth step because he found that Plaintiff's residual functional capacity, age, education, and past work experience allowed him to perform a significant number of jobs that exist in the national economy (Tr. 23-24).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of ALJ Faust's decision (Tr. 1-3).   At that point, ALJ Faust's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Therefore, review by the Court is limited to determining whether the findings set forth in ALJ Faust's decision are supported by substantial evidence in the administrative record and whether ALJ Faust applied the correct legal standards.

Medical Source Statements in the Record

Plaintiff challenges ALJ Faust's residual functional capacity assessment by arguing his assignment of weight to the medical source statements is not supported by substantial evidence and fails to comport with applicable law (DN 14-1).   Defendant disagrees because she believes ALJ Faust's assignment of weight to the medical source statements was supported by substantial evidence and comports with applicable law (DN 20).

The residual functional capacity finding is based on a consideration of medical source

6

statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments.   20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546; Social Security Ruling 96-5p; Social Security Ruling 96-7p.   Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record.   20 C.F.R. § 404.1527(c).

The source of the medical opinion dictates the process by which the Commissioner accords it weight.   Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013).   The regulations indicate that treating source opinions must receive "controlling weight" when two conditions are met: (1) the medical opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the medical opinion "is not inconsistent with other substantial evidence in ... [the] case record."   20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Gayheart, 710 F.3d at 376.   Notably, the Administrative Law Judge must provide "good reasons" for why the treating source's opinion failed to meet either prong of this test.   Gayheart, 710 F.3d at 376; Wilson v. Comm'r, 378 F.3d 541, 544 (6th Cir. 2004).

If the Administrative Law Judge does not give the treating physician's medical opinion controlling weight, "then the opinion is weighed based on the length, frequency, nature, and extent of the treating relationship, ... as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)-(6)).   Further, the Administrative Law Judge must provide "good reasons" for the weight given to the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); Social Security Ruling 96-2p; Gayheart, 710 F.3d at 376; Wilson, 378 F.3d at 545-546.   Notably, "[t]hese reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the

7

adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Gayheart, 710 F.3d at 376 (citing Social Security Ruling 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).  "This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'"  Gayheart, 710 F.3d at 376 (quoting Wilson, 378 F.3d 544).

Notably, medical opinions from examining and non-examining physicians are "never assessed for 'controlling weight.'" Gayheart, 710 F.3d at 376 (citation omitted).  Instead, the Administrative Law Judge "weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability..."  Id. (citing 20 C.F.R. § 404.1527(c)(2)).   Further, other factors that tend to support or contradict the medical opinion may be considered in assessing the medical opinion.  Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)).

### Dr. Ruth Wieland

The parties agree that Dr. Ruth Wieland is a treating source within the meaning of 20 C.F.R. § 404.1502.  Plaintiff argues there was not substantial evidence to support ALJ Faust's failure to give controlling weight to the opinion of Dr. Wieland (DN 14-1 at 3-8).   Plaintiff asserts that Dr. Wieland's report on February 4, 2013 (Tr. 779-82) expresses limitations that are supported by observations in her treatment notes of February 22 through December 30, 2010 (Id.). Additionally, Plaintiff contends that ALJ Faust failed to discuss or reference all six of the factors that should be considered in deciding how much weight to accord a treating source's opinion if it is not entitled to controlling weight (Id.).

8

Defendant argues ALJ Faust reasonably concluded Dr. Wieland's restrictive limitations in the report dated February 4, 2013, are inconsistent with the evidence in the record, including the doctor's own treatment notes (DN 20 at 3-8).   For this reason, Defendant asserts ALJ Faust's decisions not to accord controlling weight and instead give minimal weight to Dr. Wieland's restrictive limitations are supported by substantial evidence (Id.).    Additionally, Defendant contends ALJ Faust set forth good reasons for his assignment of weight to Dr. Wieland's restrictions (Id.).

The undersigned concludes that ALJ Faust provided "good reasons" why Dr. Wieland's opinion of February 2013 is not entitled to "controlling weight" and why it was afforded "minimal weight" (Tr. 19-20).   With regard to issue of the controlling weight, ALJ Faust noted to meet the first condition a treating physician's opinion "must be well supported by medically acceptable clinical and laboratory diagnostic techniques" (Id. at 19, citing Social Security Ruling 96-2p). Focusing on Dr. Wieland's opinion of February 2013, ALJ Faust concluded the doctor's own examination notes failed to reveal "the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled," and that Dr. Wieland did not specifically address this weakness in her opinion (Id.).

In the context of explaining why minimal weight was accorded to Dr. Wieland's opinion, ALJ Faust did consider the length, frequency, nature, and extent of the doctor's treating relationship with Plaintiff (Id. at 17-19).   Additionally, ALJ Faust noted that Dr. Wieland's restrictive limitations were inconsistent with the clinical and laboratory test results in the doctor's own treatment notes which did not reveal significant abnormalities (Id.).   Moreover, ALJ Faust observed that Dr. Wieland's treatment notes consistently indicated Plaintiff was not in acute distress, and exhibited no proximal muscle weakness, or musculoskeletal kyphosis, despite some

9

right SI joint tenderness in the lower lumbar area (Id.).   Also, ALJ Faust pointed out Dr. Wieland

often evaluated Plaintiff "as able to move all four of his extremities, despite some arthritic

changes, with no edema, no foot drop, an antalgic gait, and a negative bilateral straight leg raising"

(Id.).   Due to the inconsistency of Dr. Wieland's opinion with the record as a whole, including the

doctor's own findings, ALJ Faust found Dr. Wieland's opinion unpersuasive and meriting

minimal weight (Id.).   Finally, ALJ Faust also believed it to be noteworthy that ALJ Craig

rejected Dr. Wieland's prior opinion because he concluded the opinion was not supported by the

treatment record (Id.).   The undersigned concludes that ALJ Faust provided "good reasons" for

according minimal weight to Dr. Wieland's opinion.   Moreover, after a thorough review of the

record, the undersigned concludes that substantial evidence in the record supports ALJ Faust's

findings regarding the weight assigned to Dr. Wieland's opinion.

Speculation as to Medical Conditions

Plaintiff argues that ALJ Faust erred because he improperly made independent medical

findings based on speculation (DN 14-1 at 8-10).   Plaintiff points out that Administrative Law

Judges are not permitted to make their own medical determinations about a claimant's condition

nor are they allowed to make "speculative inferences" from the medical evidence (Id. (citing

Claussen v. Chater, 950 F.Supp. 1287, 1297 (D.N.J. 1996); Iwachniuk v. Chater, 926 F.Supp. 753,

758 (N.D. Ill. 1996))).   Plaintiff asserts that ALJ Faust engaged in speculation about the medical

evidence when he afforded more weight to Dr. Hernandez, a non-examining state agency

physician, than to Dr. Wieland who treated Plaintiff for over ten years (Id.).   Plaintiff explains that

each time ALJ Faust discussed the content in Dr. Wieland's six examination notes between

February and December 2010, he observed there was "no kyphosis, *despite* paraspinal muscle

tenderness in the lower lumbar area" (Id. citing Tr. 17-18).   Plaintiff contends the ALJ must have

10

made a speculative inference from what was not set forth in the treatment notes because Dr. Wieland never made a connection between tenderness in the lower lumbar area to the lack of kyphosis (Id.).   Further, Plaintiff accuses ALJ Faust of minimizing Dr. Wieland's observation of "arthritic changes" in a June 2010 treatment note (Tr. 568-569) by characterizing this objective finding as "*some* arthritic changes" (Id. citing Tr. 17-18).   Plaintiff believes ALJ Faust engaged in a pattern of manipulating physician notes to fit his preconceived opinion about Plaintiff's condition (Id.).

Defendant argues there is no merit to Plaintiff's claim that ALJ Faust improperly made independent medical findings based on speculation (DN 20 at 6 n. 4).   Defendant asserts that a common sense reading of ALJ Faust's decision makes clear that he was simply reporting statements of fact – that Dr. Wieland's examinations revealed Plaintiff did not have kyphosis, but did have tenderness in his lower back (Id.).   Further, Defendant contends there is no merit to Plaintiff's accusation that ALJ Faust improperly minimized the seriousness of his impairments by using words like "some" (DN 20 at 7 n. 5).   Defendant points out the objective testing showed "mild lumbar degenerative changes" and "mild anterior osteophytes" in 2006 (Tr. 441), "some arthritis in his hip joint on the right" in 2007 (Tr. 415), and "no significant arthritis or degenerative changes" in his right hip in 2009 (Tr. 541) (Id.)

As a lay person, the Administrative Law Judge is not qualified to interpret raw medical data in functional terms and make determinations regarding a claimant's medical condition. Deskin v. Comm. of Soc. Sec., 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (citing Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999)); *see also* Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000) ("[A]n ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record."); Rohan v. Chater, 98 F.3d 966, 968 (7th Cir.

11

1996) ("And, as this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); Lennon v. Apfel, 191 F. Supp. 2d 968, 977 (W.D. Tenn. 2001) (ALJ gave into the temptation to play doctor when made functional findings based on his own interpretation of the treating physician's findings). Further, an Administrative Law Judge "may not make speculative inferences from medical reports." Claussen v. Chater, 950 F. Supp. 1287, 1297 n. 12 (D.N.J. 1996).

Contrary to Plaintiff's assertion, ALJ Faust merely provided an accurate summary of key examination findings that are set forth in Dr. Wieland's own treatment notes of February, March, May, June, July, September, October, November, and December 2010 (Compare Tr. 19 with Tr. 558-587). Thus, there is no factual basis to Plaintiff's claim that ALJ Faust improperly made independent medical findings based on speculation. Next, in relevant part, Dr. Wieland's treatment note dated June 24, 2010, reported that an examination of Plaintiff's extremities revealed "arthritic changes, no edema" and that a neurologic exam showed he "moves all 4 ext symmetrically . . ." (Tr. 569). In pertinent part, ALJ Faust's summary of this treatment note reads "[t]he claimant's extremities showed some arthritic changes, but he was able to move all four of his extremities symmetrically . . ." (Tr. 17). Contrary to Plaintiff's assertion, the term "some" is defined as "being an unknown, undetermined, or unspecified unit or thing[.]" http://www.merriam-webster.com/dictionary/some. Thus, because Dr. Wieland's treatment note did not specify the extent of the arthritic changes to Plaintiff's extremities it was appropriate for ALJ Faust to use the term "some" in referring to the arthritic changes. For these reasons, there is no merit to Plaintiff's assertions that ALJ Faust improperly speculated about his medical conditions and mischaracterized what was set forth in Dr. Wieland's treatment records.

<u>Monica Johnson</u>

Plaintiff argues ALJ Faust's failure to give appropriate weight to the September 26, 2013 report of Monica Johnson, a treating psychiatric nurse practitioner, is not supported by substantial evidence (DN 14-1 at 10-11).   Plaintiff acknowledges that Ms. Johnson was not an acceptable medical source under the regulations but argues ALJ Faust failed to properly apply Social Security Ruling 06-03p ("SSR 06-03p") in assigning weight to her opinion (<u>Id.</u>).

Defendant asserts that ALJ Faust complied with SSR 06-03p because he considered Ms. Johnson's opinion and provided good reasons for giving it only minimal weight (DN 20 at 10). Further, Defendant points out that Ms. Johnson's opinion was based on a short and remote treatment history and was inconsistent with the evidence in the record (<u>Id.</u>).

The regulations expressly indicate only "acceptable medical sources" are qualified to render "medical opinions" about the nature and severity of a claimant's impairment, including limitations or restrictions imposed by the impairment.   20 C.F.R. §§ 404.1513(a) and (b)(6), 404.1527(a)(2), 416.913(a) and (b)(6), 416.927(a)(2).   Nurse practitioners are not classified as "acceptable medical sources" under the regulations.   20 C.F.R. §§ 404.1513(a), 416.913(a). Instead, nurse practitioners are one of several types of "medical sources" that are classified as "other sources" evidence.   20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1) (emphasis added).

Although the treating source rule does not apply to an opinion rendered by a nurse practitioner, Social Security Ruling 06-03p indicates the factors in 20 C.F.R. § 404.1527(c) may be applied when an Administrative Law Judge assigns weight to her opinion.   This means an opinion from a nurse practitioner can be weighed based on factors such as "the examining relationship (or lack thereof), specialization, consistency, and supportability..."   <u>Gayheart v. Comm'r of Soc. Sec.</u>, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)).   Further, other factors

13

Case 4:15-cv-00060-HBB   Document 21   Filed 02/17/16   Page 14 of 24 PageID #: 1001

that tend to support or contradict a nurse practitioner's opinion may be considered in assessing the opinion.  Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)).  Notably, Social Security Ruling 06-03p indicates not every factor in 20 C.F.R. § 404.1527(c) will apply in every case.  Additionally, Social Security Ruling 06-03p indicates assessing opinions from "other sources" will depend on the particular facts of the case and each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and the weighing of all the evidence in that particular case.

On September 26, 2013, Plaintiff's counsel took a statement from Ms. Johnson (Tr. 843-847).  Ms. Johnson indicated she is a psychiatric nurse practitioner working with Drs. Chapman and Veeravalli in the Outpatient Office at Owensboro Health Regional Hospital (Tr. 843).  Ms. Johnson reported that their role in treating Plaintiff has been medication management and symptom evaluation (Id.).  Ms. Johnson indicated the first time she met Plaintiff was on May 15, 2013, and she has seen him three times since then (Id.).  Ms. Johnson reported that Plaintiff's diagnosis is Bipolar disorder, Type 1, and he recently experienced a manic state after he stopped taking his Topamax prescription (Tr. 843-44).  Ms. Johnson indicated Plaintiff was directed to resume taking the Topamax (Tr. 844).  Ms. Johnson noted that although Plaintiff experienced the manic state he was still taking his Klonopin and Seroquel prescriptions (Id.).  Based on having seen Plaintiff three times, Ms. Johnson expressed an opinion about current restrictions imposed by the Bipolar disorder and indicated it would have been difficult for him to perform full-time work back in the 1990's (Tr. 844-47).

Notably, ALJ Faust afforded "minimal" or "no weight" to Ms. Johnson's opinion because she did not see him until May 2013, which was well after his date last insured, and her findings were not noted in his 2010 treatment records (Tr. 21).  In a subsequent paragraph, ALJ Faust

14

explained that under SSR 06-03p Ms. Johnson was an unacceptable medical source concerning Plaintiff's alleged mental impairment and related symptoms, as well as his capacity to engage in meaningful employment (Tr. 22).   Further, ALJ Faust found that her September 26, 2013 opinion regarding Plaintiff's ability to engage in employment was unpersuasive because his decision analyzed the period January 14, 2010 to December 31, 2010 (Id.).   The undersigned concludes that ALJ Faust's assignment of weight to Ms. Johnson's opinion is supported by substantial evidence in the record and comports with applicable law.

Dr. Carlos X. Hernandez

Plaintiff argues ALJ Faust's decision to give significant weight to the opinion of Dr. Carlos X. Hernandez, a non-examining state agency physician, is not supported by substantial evidence (DN 14-1 at 11-12).   Plaintiff asserts that ALJ Faust found that Dr. Hernandez's opinion was more consistent with the evidence in the record despite the fact he was a non-examining state agency physician who did not have the benefit of examining and treating Plaintiff like Dr. Wieland (Id.).   Plaintiff accuses ALJ Faust of providing nothing more than a conclusory statement to explain why he gave greater weight to Dr. Hernandez (Id.).

Defendant points out that Dr. Hernandez reviewed the record in 2010 and 2013, including Dr. Wieland's treatment notes, and adopted ALJ Craig's residual functional capacity from January 13, 2010 (DN 20 at 8-9).   Defendant asserts that ALJ Faust reasonably relied on Dr. Hernandez opinion because it was consistent with the record as a whole (Id.).

"The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."   SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996).   "For example, the opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a

15

greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources." Id.  For this reason the opinions of non-examining State agency psychological advisers can be given weight only to the extent they are supported by the evidence in the record.  20 C.F.R. §§ 404.1527(f), 416.927(f); SSR 96-6p; see also Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989) (Opinions of a non-examining State agency psychological adviser that are consistent with the evidence of record represent substantial evidence to support the Administrative Law Judge's findings).  In assessing the opinion of a non-examining medical source the Administrative Law Judge should consider such factors as the supportability of the opinion in light of all of the evidence in the record (not just the evidence in the record at the time the opinion was rendered), the consistency of the opinion with the record as a whole (including other medical opinions), and any explanation for the opinion provided by the non-examining State agency psychological consultant.  SSR 96-6p, 1996 WL 374180, at *2. Under certain circumstances the opinion of a non-examining State agency medical or psychological consultant may be given greater weight than the opinions of a treating or examining source.  SSR 96-6p, 1996 WL 374180, at *3.

The Sixth Circuit in Drummond v. Comm'r of Soc. Sec., held the principles of res judicata apply to the residual functional capacity findings set forth in the final decision of the Commissioner.  126 F.3d 837, 840-843 (6th Cir. 1997).  Thus, when an Administrative Law Judge addresses the period following that final decision he or she will be bound by the earlier residual functional capacity determination unless substantial evidence is introduced showing a change in the claimant's condition.  Id.  Acquiescence Ruling 98-4 implements the Sixth Circuit's decision in Drummond.  McClain v. Comm'r of Soc. Sec., No. 12-11172, 2013 WL 5182089, at *3 (E.D. Mich. Sept. 13, 2013).

16

With regard to the March 2010 opinion, Dr. Hernandez reviewed the record, noted the absence of new and material evidence, and, in compliance with Acquiescence Ruling 98-4 and Drummond, adopted the residual functional capacity findings that ALJ Craig made on January 13, 2010 (Id. citing Tr. 70, 496-503).   With regard to the February 2013 opinion, Dr. Hernandez again adopted the residual functional capacity findings that ALJ Craig made on January 13, 2010, because his review of the record[1] revealed an absence of substantial evidence showing a change in Plaintiff's condition during the time frame January 14, 2010 to December 31, 2010 (Tr. 115-117, 124-126).   After considering the basis for each of Dr. Hernandez's opinions, ALJ Faust found the opinions were consistent with the record as a whole and assigned significant weight to them (Tr. 18, 19).   The undersigned concludes that ALJ Faust's assignment of weight to Dr. Hernandez's opinions is supported by substantial evidence in the record and comports with applicable law, including Acquiescence Ruling 98-4 and Drummond.

Drs. Cutler, Stodola, and Brake

Plaintiff argues there was not substantial evidence to support ALJ Faust's decision to give "significant weight" to the opinions of non-examining state agency medical consultants, Drs. Cutler, Stodola, and Brake (DN 14-1 at 13).   Plaintiff asserts each opinion was based simply upon the consultant's review of the record and no way contemplated actual observation or examination of his bipolar cycles (Id.).   Plaintiff alleges that ALJ Faust provided no explanation as to how these opinions were more consistent than Ms. Johnson's opinion (Id.).

Defendant argues there is no merit to Plaintiff's claim because the state agency consulting psychologists reviewed the records in 2010, 2012, and 2013, and concluded he was capable of a

---

1 Notably, Dr. Hernandez's review of the record included Dr. Wieland's treatment notes for February 22 through December 30, 2010 (Tr. 115-117).

range of work consistent with ALJ Craig's residual functional capacity finding (DN 20 at 9-10). Defendant points out that each state agency psychological consultant determined there was no new or material evidence that required altering Plaintiff's residual functional capacity (Id.).

On March 3, 2010, Laura Cutler, Ph.D., reviewed the record and, although she did not mention Acquiescence Ruling 98-4 and Drummond, she expressed restrictions that are consistent with the limitations ALJ Craig expressed on January 13, 2010 (compare Tr. 70 with Tr. 492).   On February 16, 2013, Jane Brake, Ph.D., reviewed the record and noted the absence of new and material evidence, and, in compliance with Acquiescence Ruling 98-4 and Drummond, adopted the residual functional capacity findings that ALJ Craig made on January 13, 2010 (Tr. 122-126). On November 12, 2012, Edward Stodola, Ph.D., reviewed the record and noted the absence of new and material evidence, and, in compliance with Acquiescence Ruling 98-4 and Drummond, adopted the residual functional capacity findings that ALJ Craig made on January 13, 2010 (Tr. 106-109).   The undersigned has reviewed the record and concludes the findings of each state agency psychological consultant are consistent with the evidence in the record.   A non-examining medical advisor's opinion, which is consistent with the evidence of record, represents substantial evidence to support an Administrative Law Judge's decision.   Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1987) (per curiam).

Here, ALJ Faust observed that Drs. Cutler, Brake, and Stodola had each concluded there was an absence of new and material evidence, and, in compliance with Acquiescence Ruling 98-4 and Drummond, adopted the residual functional capacity findings that ALJ Craig made on January 13, 2010 (Tr. 21).   Because of the consistency of their opinions with the record as a whole, ALJ

Faust accorded significant weight to their opinions (Id.).  Substantial evidence in the record supports ALJ Faust's findings, and they comport with applicable law.

<u>Plaintiff's Credibility</u>

Plaintiff argues that ALJ Faust erred "in failing to accept [his] testimony as fully credible and in failing to state a sufficient reason for doing so" (DN 14-1 at 13-14).  Notably, Plaintiff contends the opinions of Dr. Wieland and Ms. Johnson substantiate his subjective complaints (Id.).

Defendant asserts that ALJ Faust's credibility finding was supported by substantial evidence (DN 20 at 11-12).  Further, Defendant believes that ALJ Faust provided good reasons for discounting Plaintiff's allegations (Id.).

In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings.   20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p.   A claimant's statement that he is experiencing pain or other symptoms will not, taken alone, establish that he is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged.   20 C.F.R. §§ 404.1529(a), 416.929(a).   In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in <u>Duncan v. Sec'y of Health & Human Servs.</u>, 801 F.2d 847, 853 (6th Cir. 1986), applies.   First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition.   If there is, then the Administrative Law Judge must determine:   "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain."   <u>Id.</u>   When, as in this case, the reported pain and other symptoms suggest

19

an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged.   20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, ALJ Faust concluded the objectively established medical conditions were not of such severity that they could reasonably be expected to produce the disabling pain and other limitations alleged by Plaintiff (Tr. 16-22).   Because the reported pain and other symptoms suggested impairments of greater severity than could be shown by objective medical evidence, ALJ Faust considered other information and factors which may be relevant to the degree of pain and other symptoms alleged (Id.).   20 C.F.R. § 404.1529(c)(3).   For example, ALJ Faust considered the level of Plaintiff's daily activities which is a factor that may be considered in determining the extent to which pain and other symptoms are of disabling severity.   20 C.F.R. § 404.1529(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990).   Additionally, ALJ Faust assessed whether there were any inconsistencies in the evidence and the extent to which there are any conflicts between Plaintiff's statements and the rest of the evidence.   20 C.F.R. § 404.1529(c)(4).   Moreover, ALJ Faust considered the record which revealed the medications had been relatively effective in controlling the bipolar symptoms.

In sum, ALJ Faust found from the medical record and Plaintiff's testimony that Plaintiff does not suffer pain and other limitations to the extent he testified.   In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of ALJ Faust to resolve the issue of Plaintiff's credibility.   Since tolerance of pain and other symptoms is a highly individualized matter, and a determination of disability based on pain and other symptons depends, of necessity, largely on the credibility of the claimant, the conclusion of the Administrative Law

20

Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)).   The undersigned concludes that ALJ Faust's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law, including the regulations for evaluating consultative and treating physician's opinions and pain.   See 20 C.F.R. §§ 404.1519a-p, 404.1527, 404.1529.

Combined Effects of Impairments

Next, Plaintiff argues "there was not substantial evidence to support [ALJ Faust's] failure to determine that the combined effects of [his] impairments rendered him totally disabled" (Id. at 14-1 at 14-15).   Defendant disagrees (DN 20).

Certainly, an Administrative Law Judge is required to consider the combined effect of a claimant's impairments in determining whether the claimant is disabled.   20 U.S.C. § 404.1523. Discussing multiple impairments individually does not mean the Administrative Law Judge failed to consider the combined effect of those impairments where the Administrative Law Judge specifically referred to a "combination of impairments" in finding the claimant does not meet the listings. Loy v. Sec'y of Health & Human Servs., 901 F.2d 1306, 1310 (6th Cir. 1990) (citing Gooch v. Sec'y of Health & Human Servs., 833 F.2d 589, 592 (6th Cir. 1987)).   Here, ALJ Faust discussed Plaintiff's multiple impairments individually but, at the third step, he also specifically referred to a "combination of impairments" in finding Plaintiff does not meet the listings (Tr. 14, Finding No. 4).   Moreover, ALJ Faust considered the combination of Plaintiff's impairments in assessing his residual functional capacity (Tr. 16-23).   Therefore, the undersigned concludes Plaintiff's argument is without merit.

21

Sentence Six Remand

Plaintiff alternatively argues that a prejudgment remand is appropriate pursuant to sentence six of 42 U.S.C. § 405(g) with regard to a physical functional capacity evaluation ("FCE") performed on March 19, 2013, by James R. Hawkins, Jr, P.T., CFCE, at the direction of Dr. Wieland (DN 14-1 at 15-16).   Plaintiff argues the FCE is new because of when it was conducted and material because it addresses his physical limitations that have existed for many years (Id.). Plaintiff contends good cause exists for not presenting this FCE to ALJ Faust (Id.).   Specifically, Plaintiff indicates he requested the FCE but the facility was experiencing computer problems (Id.).

Defendant argues the FCE does not warrant remand under sentence six because it is not material (DN 20 at 12-13).   More specifically, Defendant points out the FCE was performed on March 19, 2013, which is almost three years after Plaintiff's date last insured and there is no indication that the results of the FCE relate back to Plaintiff's condition from January 14, 2010 through December 31, 2010 (Id.).

Sentence six of 42 U.S.C. § 405(g) authorizes a prejudgment remand for consideration of new and material evidence that for good cause was not previously presented to the Commissioner. Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-175 (6th Cir. 1994).   The party seeking remand bears the burden of demonstrating that a remand is proper under § 405(g).   Id. Evidence is "new" if it did not exist at the time of the administrative proceeding.   Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010); Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988) (per curiam).   Evidence is "material" if there is a reasonable probability that a different disposition would have resulted if the evidence had been submitted during the original proceeding.   Ferguson, 628 F.3d at 276; Sizemore, 865 F.2d at 711. Notably, evidence is not considered material if it merely depicts an aggravation or deterioration in

22

an existing condition.   Sizemore, 865 F.2d at 712.   "Good cause" is demonstrated by showing a reasonable justification for the failure to acquire and present the evidence to the Administrative Law Judge.   Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).

It is reasonable to find the facility that performed the FCE experienced computer problems on the day Plaintiff requested the record.   However, it is not reasonable to believe the facility experienced those computer problems from March 19, 2013, when the FCE was performed, through November 27, 2013, when ALJ Faust issued his decision.   For this reason, the date Plaintiff made the request and what steps he took to follow up on the request become critical in assessing whether good cause exists.   Unfortunately, all that Plaintiff has done is make a general assertion about the facility experiencing computer problems when he made the request.   For this reason, the undersigned concludes that Plaintiff has not satisfied his burden of demonstrating good cause for his failure to acquire and timely present the FCE to ALJ Faust.

Because Plaintiff must establish disability prior to the expiration of his insured status on December 31, 2010, post-expiration evidence must relate to his condition on or before that date. See Parsons v. Heckler, 739 F.2d 1334, 1340 (8th Cir. 1984) (evaluations conducted after the date last insured must relate back to the claimant's condition prior to the expiration of his insured status); see also King v. Sec'y of Health & Human Serv's., 896 F.2d 204, 205-206 (6th Cir. 1990) (per curiam) (court found that claimant was not diagnosed as suffering from degenerative disc disease until six months after date last insured); Siterlet v. Sec'y of Health & Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam) (court found evidence "minimally probative" where doctor saw a claimant eight months after the expiration of his insured status).   Here, the FCE addresses Plaintiff's physical limitations on March 19, 2013.   While Plaintiff alleges that these limitations existed prior to December 31, 2010, there is nothing in the FCE that substantiates his

bare assertion.   Thus, Plaintiff has failed to demonstrate the FCE conducted on March 19, 2013 is material evidence.   For this reason the undersigned concludes a remand pursuant to sentence six is not appropriate.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that Plaintiff's request for a prejudgment remand under sentence six of 42 U.S.C. § 405(g) is **DENIED**.

**IT IS FURTHER ORDERED** that judgment is granted for the Commissioner.

Copies:        Counsel